**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JAN 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRVINE UNIFIED SCHOOL DISTRICT, | No. 11-55214 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-01431-JVS-MLG |
| and | |
| K. G., an adult student; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| v. | |
| CALIFORNIA DEPARTMENT OF EDUCATION, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 5, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The California Department of Education appeals the district court's grant of summary judgment in favor of the Irvine Unified School District (IUSD), K.G., and the Orange County Department of Education. K.G. was a ward of the state of California who was placed at an out-of-state residential treatment facility due to his exceptional emotional needs. The district court held that the California Department of Education was responsible for providing a free and public education (F.A.P.E.) to K.G., reasoning that K.G. was "parentless" for purposes of the California school residency statute, Cal. Educ. Code § 48200. We have jurisdiction pursuant to 28 U.S.C. § 1291. In light of our recent decision in *Orange County Department of Education v. California Department of Education*, 668 F.3d 1052 (9th Cir. 2011), which had not been decided at the time summary judgment was granted, we must reverse.

In *Orange County*, we held that the 2007 version of Cal. Educ. Code § 56028 supplied the definition of "parent" for Cal. Educ. Code § 48200.[1] *Orange County*, 668 F.3d at 1058. The definition of "parent" in § 56028 includes "[a] guardian . . . authorized to make educational decisions for [a] child." Cal. Educ.

---

[1] "California Education Code section 48200 establishes the general rule under California law that the school district responsible for the education of a child between the ages of six and 18 [*sic*] is the district in which the child's 'parent or legal guardian' resides." *Orange County*, 668 F.3d at 1056.

2

Code § 56028(a)(3) (2007). In *Orange County*, we stated that the term "guardian" is commonly understood as one who has legal authority to care for another's person because of the other's disability, and that a guardian may be appointed for a specific purpose. *Orange County*, 668 F.3d at 1061 (quoting Black's Law Dictionary 774 (9th ed. 2009)). There, we also concluded that the definition of a "guardian" includes someone who was "appointed by the juvenile court to have legal authority for making educational decisions on [the student's] behalf." *Id.* at 1061. We are bound by this precedent. *See United States v. Easterday*, 564 F.3d 1004, 1010 (9th Cir. 2009). Here, the Superior Court of the County of Orange appointed a "responsible adult" to make educational decisions on K.G.'s behalf pursuant to Cal. Welf. & Inst. Code §§ 316, 417. That "responsible adult" is a "parent" within the meaning of § 56028 (3) because a responsible adult is defined there as a "guardian . . . authorized to make educational decisions on behalf of the child." *Orange County*, 668 F.3d at 1061.

Because K.G.'s responsible adult resided within the IUSD, IUSD was K.G.'s district of residence prior to his eighteenth birthday, and, therefore, IUSD was required to provide the F.A.P.E. to K.G.. IUSD remained responsible for K.G.'s education once he turned eighteen because it was "the last district of

3

residence in effect prior to the pupil's attaining the age of majority." Cal. Educ. Code § 56041. IUSD was therefore K.G.'s district of residence under § 48200 at all times relevant to this appeal. We reverse and remand for proceedings consistent with this disposition.

**REVERSED AND REMANDED.**